# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 14-20986-TLM |
| MARTIN ERIC POLLA, ) | |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| _____ ) | |

## SUMMARY DECISION ON MOTION FOR STAY RELIEF

## BACKGROUND

On November 19, 2014, Martin Eric Polla ("Debtor") filed a voluntary petition for relief under chapter 7 commencing this case.[1] Debtor's schedules disclosed his residence at 207 Copper St., Mullan, Idaho ("Residence"), and alleged it had a value of $42,670 subject to a secured claim of $39,272. Doc. No. 1 at 8. Debtor asserted that the secured claim originated in 2004, was held by "Seterus," and was "last active" in June 2014, suggesting the presence of a default at filing. *Id.* at 15. Debtor claimed a homestead exemption on the $3,398 difference between the value and secured claim. *Id.* at 14.

On May 5, 2015, a motion for relief from the § 362(a) stay regarding the

---

[1] Unless otherwise indicated, all statutory references to chapter and section are to the Bankruptcy Code, Title 11, U.S. Code, §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure.

SUMMARY DECISION - 1

Residence was filed by Federal National Mortgage Association ("Fannie Mae"), Doc. No. 25 ("Motion").[2] The Motion alleged the amount owed on the underlying note was $40,916.36, and accepted the Residence's value of $42,670 as asserted by Debtor.[3] The Motion alleged a right to relief under § 362(d)(1) for "cause," including Debtor's ongoing failure to make payments and the lack of a sufficient equity cushion to provide adequate protection. Fannie Mae also specifically alleged a right to relief under § 362(d)(2) because (i) given the amount of the secured claim and the exemption claimed by Debtor, there was no equity available for the estate, and (ii) since Debtor filed for relief under Chapter 7, the granting of the Motion would not implicate the prospects for reorganization. *Id.* at 4–5.[4]

The Motion was appropriately served consistent with LBR 4001.2. On May 22, Debtor filed an objection to the Motion. Doc. No. 29 ("Objection"). In the Objection, Debtor asserts there was no default because he and Seterus had entered into a forbearance agreement. Due to this agreement, Debtor "do[es] not

---

[2] The "declaration" filed by Fannie Mae, Doc. No. 27, asserts that Seterus, Inc., is the servicer for Fannie Mae in regard to the deed of trust on the Residence.

[3] In the stay relief context, a creditor may rely on the debtor's scheduled value of the property for the purposes of its motion. *In re Hyatt*, 2011 WL 6140736, at *12 (Bankr. D. Idaho Dec. 9, 2011) (citing *In re Hobart*, 452 B.R. 789, 792 n.4 (Bankr. D. Idaho 2011) and *In re Roots Rents, Inc.*, 420 B.R. 28, 40 (Bankr. D. Idaho 2009)); *see also* Fed. R. Evid. 801(d)(2).

[4] The Motion effectively addresses the automatic stay as to the Residence and the estate only, not as to Debtor. On March 23, 2015, Debtor received his discharge, thus terminating the stay as to him, *see* § 362(c)(2)(C), though § 524(a) protects him from personal liability on the note.

SUMMARY DECISION - 2

agree that stay relief is appropriate or that the Creditor should be moving forward with foreclosure proceedings or other remedies concerning the [Residence]." *Id.* at 1.

Objecting parties are required to obtain a hearing date and provide notice thereof in the objection. LBR 4001.2(c), (e). Under § 362(e), that hearing must be set and held within the 30 days of the filing of the Motion. Debtor's Objection provided notice of a hearing to be held on June 30, 2015. Doc. No. 29 at 2.[5]

On June 2, the chapter 7 trustee, Ford Elsaesser ("Trustee"), filed a notice of proposed abandonment of the Residence, Doc. No. 30, indicating there was no value for the estate.[6] Under § 554(a) and Rule 6007(a), if no objections are timely filed, an order will be entered granting Trustee's request. That, in turn, will moot the relief sought by the Motion because the stay as to this property of the estate will be automatically terminated. *See* § 362(c)(1) (the stay of acts against property of the estate continues until such time as the property is no longer property of the estate). However, as with the issue of the timeliness of the preliminary hearing,

---

[5] Nothing in this record suggests Debtor obtained Fannie Mae's consent to waive the operation of § 362(e). However, Fannie Mae has not raised an objection to the hearing date, nor submitted any proposed order that would grant the Motion by reason of § 362(e). Though there is an argument that the stay already terminated by operation of law, the Court elects to address the other issues raised by this record.

[6] In addition to Fannie Mae's secured claim, Debtor's claimed exemption is allowed given the lack of timely objection, *see* Rule 4003(b)(1), and thus there is no value in the Residence realizable for the benefit of unsecured creditors.

SUMMARY DECISION - 3

the Court sees no reason to delay this Decision and rest its ruling on the consequences of abandonment.

**DISCUSSION AND DISPOSITION**

While it might be easier to address the lack of seasonable hearing under § 362(e), or allow abandonment of the Residence to resolve the Motion, the record here presents an all-too-common scenario that should be avoided. If a motion for stay relief is brought in a chapter 7 case by a creditor with a "colorable claim" to the property at issue;[7] and if that creditor alleges a right to relief under § 362(d)(2), either solely or in addition to a right under § 362(d)(1);[8] and if there is facially no equity for the estate,[9] then the propriety of an objection by the chapter 7 debtor is extremely suspect. Indeed, this Court has repeatedly overruled such objections. In *Hyatt*, the Court did so in a written decision explaining this precise issue. 2011

---

[7] "Given the limited nature of the relief obtained through this [stay relief] proceeding and because final adjudication of the parties' rights and liabilities is yet to occur, a party seeking stay relief need only establish that it has a colorable claim to the property at issue." *Arkison v. Griffin (In re Griffin)*, 719 F.3d 1126, 1128 (9th Cir. 2013) (citing *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 914–15 (9th Cir. BAP 2011)); *see also In re Ryerson*, 2014 WL 642876, at *6 (Bankr. D. Idaho Feb. 18, 2014).

[8] A stay relief motion regarding property that only asserts a right to relief under § 362(d)(1) for cause does not implicate the § 362(d)(2) issue addressed in this Decision. Thus each motion must be evaluated on the basis of its own allegations and the facts of a given case.

[9] Equity, for purposes of § 362(d)(2)(A), "is the value, above all secured claims against the property, that can be realized from the sale of the property for the benefit of the unsecured creditors." *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396, 1400 n.2 (9th Cir. 1984) (citation omitted). *See also Stewart v. Gurley*, 745 F.2d 1194, 1196 (9th Cir. 1984) (equity is "the amount or value of a property above the total liens or charges"). Here, there is a small amount of equity, but it is exempt.

SUMMARY DECISION - 4

WL 6140736, at *12.  It has regularly done so in oral rulings at preliminary hearings.  Evidently, it bears repeating.

If chapter 7 debtors have issues with a creditor's assertion of the amount in default ("we have made all or some of the allegedly missed payments"), or with the creditor's waiver or limitation of foreclosure rights ("we received or are negotiating a forbearance agreement"), the debtor's defenses are assertable in state court or processes after stay relief.  Even if they might arguably present defenses to an allegation of "cause" for stay relief under § 362(d)(1), they are ineffective to create a defense under § 362(d)(2).  The sole issues under § 362(d)(2) are equity and necessity of the property for reorganization.  *See* § 362(d)(2)(A), (B).  In a chapter 7 context, and if § 362(d)(2) is appropriately pled, the sole issue is equity.  *See Aguilar v. Ocwen Loan Servicing, LLC (In re Aguilar)*, 2014 WL 6981285, at *4 (9th Cir. BAP Dec. 10, 2014) ("Section 362(d)(2) authorizes relief from the stay when the debtor lacks equity in the property and it is not necessary to effective reorganization. . . .  The requirement that the property not be necessary for reorganization is not implicated in a chapter 7 liquidation bankruptcy case since no reorganization is contemplated.  *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1232 (7th Cir. 1990).").  *See also Aja v. Emigrant Funding Corp. (In re Aja)*, 442 B.R. 857, 862 (1st Cir. BAP 2011) (citing *J&M Salupo Dev. Co., Inc.*, 388 B.R. 809, 812–13 (Bankr. N.D. Ohio 2008)).

SUMMARY DECISION - 5

For the foregoing reasons, the Court finds the Objection fails to allege or raise a cognizable defense to the Motion and as such it will be overruled, and the Motion will be granted. The Court will enter an order vacating the June 30 hearing. Consistent with this Decision, Fannie Mae shall submit a proposed order overruling the Objection and granting the Motion.

DATED: June 12, 2015

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE